*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2010-096

MAY TERM, 2011

| | | |
|---|---|---|
| Hanson Homestead, Inc. | } | APPEALED FROM: |
| | } | |
| | } | |
| v. | } | Rutland Superior Court |
| | } | |
| | } | |
| Chad Woodard and Jaska Hill | } | DOCKET NO. 876-11-08 Rdcv |

Trial Judge: William D. Cohen

In the above-entitled cause, the Clerk will enter:

Tenants appeal the superior court's final judgment in this landlord-tenant action. We affirm.

Landlord filed a complaint seeking eviction of tenants for nonpayment of rent. Tenants opposed eviction and counterclaimed, alleging retaliatory eviction and breach of warranty of habitability. The case was tried without a jury. Following two evidentiary hearings, the parties settled landlord's claim for eviction and unpaid rent. Tenants agreed to vacate the premises and to release escrowed rent to landlord. At the conclusion of a later hearing, the court orally read into the record its findings and conclusions denying tenants' counterclaims. The court then entered an amended final judgment awarding tenants $933.50. The judgment reflected the parties' settlement, the denial of tenants' counterclaims, and an adjustment of rent to which tenants were entitled. Tenants were represented by counsel at trial for a significant period of time during which the case was pending before the superior court, but they are acting pro se on appeal.

On appeal, tenants submit as their brief a five-page narrative providing their version of the historical and procedural facts of the case, without any citation to the record, followed by two brief paragraphs stating, without any legal argument or citation to authority, that: (1) the property was in violation of the warranty of habitability; (2) the landlord violated the Consumer Fraud Act by not disclosing problems with the property; (3) landlord's actions were retaliatory in nature; (4) the trial judge showed bias; (5) the court deprived them of their right to fully present their case; (6) the judge abused his discretion in the way he conducted himself throughout the case; and (7) the judge and landlord's attorney were dishonest throughout the entire case.

We conclude that the trial court's order must be upheld on appeal because tenants have neither produced a record nor submitted a brief that would enable us to evaluate their claims. Because tenants have not provided a transcript of the trial court proceedings, it is impossible for this Court to review any of their claims, none of which involves a pure question of law. See State v. Gadreault, 171 Vt. 534, 538 (2000) (mem.) (holding that appellant's failure to provide transcript on appeal precluded review of claims); In re S.B.L., 150 Vt. 294, 307 (1988) ("[A]ppellant must bear the consequence of the lack of a transcript of the evidence."). Moreover,

even if there were a record of the proceedings, tenants have failed to set forth claims of error with any specificity that would allow review of such claims. Indeed, tenants' brief does not even specify the relief requested, let alone contain a coherent statement of issues or specific legal arguments. See V.R.A.P. 28(a) (stating that appellant's brief must contain statement of issues presented, statement of case's facts and procedural history, claims of error with references to record, and legal argument explaining reasoning behind claims of error with citation to authority and relevant portions of record). There is simply no way to review the trial court's decision, given the lack of a record and the inadequate briefing.

Affirmed.

BY THE COURT:

_____
Denise R. Johnson, Associate Justice


_____
Marilyn S. Skoglund, Associate Justice


_____
Brian L. Burgess, Associate Justice